**Roger WARREN, Plaintiff,**

v.

**FEDERAL EXPRESS CORPORATION, Defendant.**

Civ. A. No. 90–0196–P–C.

United States District Court,
S.D. Alabama, S.D.

Aug. 19, 1991.

Roger Warren, pro se.

Celia Collins, David Peeler, Mobile, Ala., for Federal Exp. Corp.

ORDER MODIFYING AND ADOPTING
MAGISTRATE JUDGE'S
RECOMMENDATION

PITTMAN, Senior District Judge.

This case is before the court on review of the Magistrate Judge's (MJ) recommendation that summary judgment be entered in favor of the defendant Federal Express on all of the plaintiff's claims and on defendant's counterclaim against the plaintiff (doc. # 32). Following a careful review of the MJ's recommendation and the court record, the court concludes that the recommendation is due to be adopted.

The court begins by making a modification to the MJ's recommendation. On page nine, at footnote number six of the MJ's recommendation the court modifies the language of the footnote to read as follows: "The undersigned would note that given the fact that the Plan's administrative appeal process is activated only upon written notice of a denial of a claim and that it is unclear whether the company ever suffi-

ciently notified plaintiff in writing that it was crediting the $794.00 monthly payment until the overpayment was recovered, the Court is hesitant to rest its decision on failure to exhaust administrative remedies."

The plaintiff, Roger Warren, is a former permanent employee of Federal Express Corporation. While at Federal Express, Warren was a participant in the Federal Express Long Term Disability Plan, an Erisa-qualified plan. In February, 1986, Warren was injured in an automobile accident. As a result he began receiving $1,539.00 per month from the disability plan for his injuries. On March 7, 1989, the Social Security Administration determined that Warren was entitled to disability insurance under the Act. The SSA awarded him monthly benefits in the amount of $745.00 per month, and awarded him benefits retroactive back to the date of injury in a lump sum payment.

Upon being notified that Warren had been awarded Social Security benefits, the defendant, as plan administrator, deducted the amount of $745.00 per month from the plaintiff's monthly payment under the plan. The defendant also determined that due to the retroactive lump sum payment, the plaintiff had been overpaid in the past by the plan in the amount of $12,234.20. Pursuant to section 5.4 of the plan, which requires plan recipients to repay overpayments, the defendant allegedly sent written notice to the plaintiff of the past overpayments. Plaintiff never responded to the alleged notice, and defendant began making deductions from the remainder of plaintiff's monthly payment from the plan. In November, 1989, plaintiff's right to benefits under the plan ceased; as of that date, defendant contends plaintiff still owed $9,058.20 for reimbursement of the overpayment of benefits. Plaintiff subsequently brought suit against defendant alleging that it wrongfully withheld his benefits under the plan.

The plaintiff does not contest the right of the defendant to deduct his monthly Social Security benefits from his payments under the plan. Section 3.6(A)(7) clearly provides

that the plan has a right to deduct such payments. However, plaintiff does object to the defendant's withholding of benefits in order to obtain reimbursement due to the retroactive lump sum payment by the Social Security Administration. The MJ found that the defendant's decision that SSA's lump sum payment resulted in an overpayment to the plaintiff under the plan was correct and not arbitrary or capricious.

Section 3.6(B) provides that "in the event any income benefit ... is payable to a Covered Employee in a lump sum, other than a lump sum payment payable under the Federal Social Security Act, such payment shall be converted into monthly amounts which shall reduce the [covered employee's monthly payment]." The plaintiff asserts that this exclusion of lump sum social security payments in section 3.6(B) prevents the defendant from being able to obtain reimbursement by deducting his monthly payments. The defendant relies upon section 5.4, which provides

If, because of administrative error or intentional or accidental misstatement of information, benefits are paid in excess of the amount to which a Covered Employee is entitled under this Plan, it shall be the obligation and responsibility of the Covered Employee to repay to the Plan the amount of the overpayment. *If the overpayment is not repaid within a reasonable time, the Administrator may withhold from any future benefit payments or compensation payable to the Covered Employee such amounts necessary to recover overpayment.*

*Federal Express Long–Term Disability Plan* § 5.4 (emphasis added). The defendant asserts that regardless of section 3.6(B), the plaintiff was required to pay back any overpayment, and that it had the power to withhold future benefits if plaintiff refused.

 Where the plan administrator has discretionary authority to determine eligibility for benefits or to construe the terms of the plan, the court reviews the decision under the arbitrary and capricious standard. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103

**550**

L.Ed.2d 80 (1989). Therefore, if the defendant's construction of the above sections is not arbitrary or capricious, the defendant is entitled to summary judgment. The court agrees with the MJ's conclusion that the defendant's construction of the above sections is correct and, therefore, not arbitrary or capricious. Section 3.6(B) provides that where lump sum benefits from outside compensation result in past overpayments by the plan, the overpayments will be prorated on a monthly basis. Section 3.6(B) then excludes Social Security lump sum payments from this prorated form of repayment.

Section 5.4, however, makes no distinction in favor of overpayments created by social security lump sum benefits. Section 5.4 clearly gives the Administrator the power to withhold some or all of a covered employee's future benefits in order to obtain reimbursement if the covered employee has failed to make repayment within a reasonable time. This is exactly what the administrator did in this case. The plaintiff's construction of the plan is far less reasonable than the defendant's because it would deprive the plan of the ability to secure repayment of funds improperly possessed by the employee. This would result in a windfall for the individual, at the expense of all other covered employees. Therefore, the court rejects the plaintiff's contentions, and finds as a matter of law that the defendant's construction of the plan was reasonable and not arbitrary or capricious.

Therefore, it is hereby ORDERED, ADJUDGED, and DECREED, that the MJ's recommendation is ADOPTED. The defendant's motion for summary judgment against the plaintiff's claims is due to be GRANTED. The defendant's motion for summary judgment on its counterclaim against the plaintiff is due to be GRANTED. The plaintiff is ORDERED to pay the defendant $9,058.20 plus interest.

Plaintiff is to bear costs.